**IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR HIGHLANDS COUNTY FLORIDA
CIVIL DIVISION**

CHESTER PEARSON
as executor de son tort of THE
ESTATE OF MALIK KAHLIL PEARSON,

Plaintiffs,

v. CASE NO.:

RUSSELL GRIFFIN, SAI R. WHITE,
NATIONAL RAILROAD PASSENGER CORPORATION,
a/k/a AMTRAK, CSX TRANSPORTATION, INC.,
CSX CORPORATION,
FLORIDA DEPARTMENT OF TRANSPORTATION,
SCHOOL BOARD OF HIGHLANDS COUNTY,
HIGHLANDS COUNTY BOARD OF COUNTY COMMISSIONERS,
And CITY OF AVON PARK,

Defendants.

_____________________________/

**COMPLAINT**

COMES NOW, Plaintiff, CHESTER PEARSON, as executor de son tort of THE ESTATE OF MALIK KAHLIL PEARSON, a deceased minor, and files this action against the Defendants, RUSSELL GRIFFIN, SAI R. WHITE, NATIONAL RAILROAD PASSENGER CORPORATION (hereinafter "AMTRAK"), CSX TRANSPORTATION, INC., CSX CORPORATION, FLORIDA DEPARTMENT OF TRANSPORTATION (hereinafter "FDOT"), SCHOOLBOARD OF HIGHLANDS COUNTY (hereinafter "SBHC"), HIGHLANDS COUNTY BOARD OF COUNTY COMMISSIONERS (hereinafter "HC BOCC"), and CITY OF AVON PARK and alleges as follows:

**JURISDICTIONAL AND GENERAL ALLEGATIONS**

1. This is an action for damages that exceed FIFTY THOUSAND, ONE DOLLAR and 00/100 ($50,001.00).

2. At all times material hereto, all acts, omissions, occurrences, and/or events complained of herein occurred within Highlands County, Florida.

3. At all times material herein, CHESTER PEARSON, was the natural parent and guardian and next of kin to decedent, Malik Kahlil Pearson, a minor.

4. Plaintiff, CHESTER PEARSON, anticipates opening a formal Estate for the decedent, Malik Kahlil Pearson, and reasonably anticipates being appointed as personal representative(s) for THE ESTATE OF MALIK KAHLIL PEARSON.

5. Meanwhile, Plaintiff, CHESTER PEARSON, files this claim as executor de son tort for THE ESTATE OF MALIK KAHLIL PEARSON.

6. Plaintiff is authorized to bring this wrongful death action against Defendants on behalf of decedent's survivors as statutory beneficiaries, and on behalf of decedent's estate, pursuant to Fla. Stat. 768.

7. Plaintiff, CHESTER PEARSON, has otherwise complied with all conditions precedent for maintaining this action.

8. At all times material herein, Defendant, CSX TRANSPORTATION, INC., was a foreign for-profit corporation authorized and doing business in the State of Florida, with its principal address at 500 Water Street, Jacksonville, Florida.

9. At all times material herein, Defendant, CSX CORPORATION, was a foreign for-profit corporation authorized and doing business in the State of Florida, with its principal address at 500 Water Street, Jacksonville, Florida.

10. At all times material herein, Defendant, FDOT, was a state agency pursuant to Fla. Stat. 768.28, and maintained an office in Highlands County, Florida, for the transaction of its customary business.

11. On or about January 24, 2024, Plaintiff provided appropriate notice to Defendant, FDOT, and the Florida Department of Financial Services, pursuant to Fla. Stat. 768.28, and Defendant has denied the claim.

12. Plaintiff has otherwise satisfied all conditions precedent for maintaining this action against Defendant, FDOT.

13. At all times material herein, Defendant, SBHC, was a state agency pursuant to Fla. Stat. 768.28, and maintained an office in Highlands County, Florida, for the transaction of its customary business.

14. On or about January 24, 2024, Plaintiff provided appropriate notice to Defendant, SBHC, and the Florida Department of Financial Services, pursuant to Fla. Stat. 768.28, and Defendant has denied the claim.

15. Plaintiff has otherwise satisfied all conditions precedent for maintaining this action against Defendant, SBHC.

16. At all times material herein, Defendant, HC BOCC, was a state agency pursuant to Fla. Stat. 768.28, and maintained an office in Highlands County, Florida, for the transaction of its customary business.

17. On or about January 24, 2024, Plaintiff provided appropriate notice to Defendant, HC BOCC, and the Florida Department of Financial Services, pursuant to Fla. Stat. 768.28, and Defendant has denied the claim.

18. Plaintiff has otherwise satisfied all conditions precedent for maintaining this action against Defendant, HC BOCC.

19. At all times material herein, Defendant, CITY OF AVON PARK, is an incorporated municipality operating pursuant to state law in Highlands County, Florida, and maintained an office in Highlands County, Florida, for the transaction of its customary business.

20. On or about January 24, 2024, Plaintiff provided appropriate notice to Defendant, CITY OF AVON PARK, and the Florida Department of Financial Services, pursuant to Fla. Stat. 768.28, and Defendant has denied the claim.

21. Plaintiff has otherwise satisfied all conditions precedent for maintaining this action against Defendant, CITY OF AVON PARK.

22. At all times material herein, Defendant, AMTRAK, was a federally-owned and operated company, through the Secretary of Transportation, authorized and doing business in the State of Florida.

23. At all times material hereto, Defendant, AMTRAK, was and remains a federal corporation operating, conducting, engaging in or carrying on a business or business venture in this State or having an office or agency in this state, and/or engaged in substantial and not isolated activity within this State.

24. At all times material hereto, Defendant, AMTRAK was the owner and in possession of a the train, locomotives, and cars more particularly described herein.

25. At all times herein, Defendants RUSSELL GRIFFIN and SAI R. WHITE, were train employees of Defendant, AMTRAK, and were operating the aforesaid train during the events herein describe while in the course and scope of such employment.

## FACTUAL ALLEGATIONS

26. On and before May 15, 2023, decedent, Malik Kahlil Pearson, was a thirteen-year-old minor and student at Avon Park Middle School at 401 S Lake Ave, Avon Park, FL 33825, adjacent to West Peel Street.

27. At all times material, Avon Park Middle School maintained a school schedule that included a 3:15 PM EST dismissal bell and release of students.

28. On May 15, 2023, decedent, Malik Kahlil Pearson, was released from school with the regularly-scheduled dismissal bell and began his walk home with fellow students.

29. At that time and place, Malik Kahlil Pearson, used the sidewalk and crosswalk along Gwen Hill Street to safely navigate its intersection at South Lake Avenue, and continue down the sidewalk along West Peel Street, directly across from Avon Park Middle School.

30. At all times material, the sidewalk along West Peel Street intersected with two railroad tracks maintained by CSX TRANSPORTATION, INC. and/or CSX CORPORATION.

31. That where the railroad tracks intersected with the pedestrian sidewalk at West Peel Street, there was no sign, warning, lighting, cross beam, or other device in place to warn or alert pedestrians or students of approaching trains.

32. Instead, only the West Peel Street roadway, more particularly described as DOT Grade Crossing 627574A, had warnings, lights, and cross beams.

33. That as Malik Kahlil Pearson walked down the pedestrian sidewalk at West Peel Street toward the railroad tracks, a train owned by AMTRAK and operated by its employees, RUSSELL GRIFFIN and SAI R. WHITE, approached the intersection at a high rate of speed.

34. That at that time and place, RUSSELL GRIFFIN and SAI R. WHITE, did so negligently and carelessly operate, maintain, or control the aforesaid train so as to cause it to

collide with the decedent, Malik Kahlil Pearson, as he attempted to cross the railroad tracks on his walk home from school, killing him.

**COUNT I – NEGLIGENCE OF RUSSELL GRIFFIN**

35. Plaintiff adopts and incorporates by reference paragraphs 1 through 34 above as if set forth fully herein.

36. At all times material herein, engineer/train operator, Defendant, RUSSELL GRIFFIN, knew, or in the exercise of reasonable care should have known, that the train track he was operating upon intersected with the pedestrian sidewalk at West Peel Street, and that the sidewalk was not marked with any sign, warning, lighting, or other markers to indicate a railroad crossing.

37. At all times material herein, engineer/train operator, Defendant, RUSSELL GRIFFIN, knew, or in the exercise of reasonable care should have known, that the train he was operating would intersect with the pedestrian sidewalk at West Peel Street at or near 3:20 PM on May 15, 2023, and that students and pedestrians were likely to cross the tracks in heavy volume at or near that time.

38. That as Defendant, RUSSELL GRIFFIN, approached the pedestrian sidewalk at West Peel Street, he saw, or in the exercise of reasonable care should have seen, several students cross the train track ahead of decedent, Malik Kahlil Pearson.

39. At all times material herein, engineer/train operator, Defendant, RUSSELL GRIFFIN, had a duty to operate the train in a reasonably safe and prudent manner.

40. That Defendant, RUSSELL GRIFFIN, did so negligently and carelessly operate, maintain, or control the aforesaid train so as to cause it to collide with the decedent, Malik Kahlil Pearson, as he attempted to cross the railroad tracks on his walk home from school, killing him.

41. As a direct and proximate result of the negligence of RUSSELL GRIFFIN, the ESTATE OF MALIK KAHLIL PEARSON, has sustained the following damages:

i. Medical and funeral expenses due to the decedent's death which have become a charge against the Estate or that were paid on behalf of the Estate.

ii. Loss of earnings from date of injury to the date of death, less loss of support of survivors excluding contributions in kind with interest, loss of prospective net accumulations of the Estate, which might reasonably have been expected but for the wrongful death, reduced to present money value.

iii. All other damages recoverable under the laws of the State of Florida.

iv. The value of lost support and services from the date of the decedent's death, with interest and future loss of support and services from the date of death and reduced to present value.

v. Mental pain and suffering from the date of the decedent's death.

vi. Medical or funeral expenses due to the decedent's death.

vii. Lost companionship, protection, services.

WHEREFORE, the Plaintiff, CHESTER PEARSON, as Executor de son Tort of THE ESTATE OF MALIK KAHLIL PEARSON, demands judgment against Defendant, RUSSELL GRIFFIN, for compensatory damages together with costs, interest and a trial by jury of all issues triable as a matter of right.

**COUNT II – NEGLIGENCE OF SAI R. WHITE**

42. Plaintiff adopts and incorporates by reference paragraphs 1 through 34 above as if set forth fully herein.

43. At all times material herein, engineer/train operator, Defendant, SAI R. WHITE, knew, or in the exercise of reasonable care should have known, that the train track he was operating upon intersected with the pedestrian sidewalk at West Peel Street, and that the sidewalk was not marked with any sign, warning, lighting, or other markers to indicate a railroad crossing.

44. At all times material herein, engineer/train operator, Defendant, SAI R. WHITE, knew, or in the exercise of reasonable care should have known, that the train he was operating would intersect with the pedestrian sidewalk at West Peel Street at or near 3:20 PM on May 15, 2023, and that students and pedestrians were likely to cross the tracks in heavy volume at or near that time.

45. That as Defendant, SAI R. WHITE, approached the pedestrian sidewalk at West Peel Street, he saw, or in the exercise of reasonable care should have seen, several students cross the train track ahead of decedent, Malik Kahlil Pearson.

46. At all times material herein, engineer/train operator, Defendant, SAI R. WHITE, had a duty to operate the train in a reasonably safe and prudent manner.

47. That Defendant, SAI R. WHITE, did so negligently and carelessly operate, maintain, or control the aforesaid train so as to cause it to collide with the decedent, Malik Kahlil Pearson, as he attempted to cross the railroad tracks on his walk home from school, killing him.

48. As a direct and proximate result of the negligence of SAI R. WHITE, the ESTATE OF MALIK KAHLIL PEARSON, has sustained the following damages:

i. Medical and funeral expenses due to the decedent's death which have become a charge against the Estate or that were paid on behalf of the Estate.

ii. Loss of earnings from date of injury to the date of death, less loss of support of survivors excluding contributions in kind with interest, loss of prospective net accumulations of the Estate, which might reasonably have been expected but for the wrongful death, reduced to present money value.

iii. All other damages recoverable under the laws of the State of Florida.

iv. The value of lost support and services from the date of the decedent's death, with interest and future loss of support and services from the date of death and reduced to present value.

v. Mental pain and suffering from the date of the decedent's death.

vi. Medical or funeral expenses due to the decedent's death.

vii. Lost companionship, protection, services.

WHEREFORE, the Plaintiff, CHESTER PEARSON, as Executor de son Tort of THE ESTATE OF MALIK KAHLIL PEARSON, demands judgment against Defendant, SAI R. WHITE, for compensatory damages together with costs, interest and a trial by jury of all issues triable as a matter of right.

**COUNT III – AMTRAK RESPONDEAT SUPERIOR**

49. Plaintiff adopts and incorporates by reference paragraphs 1 through 48 above as if set forth fully herein.

50. At all times material herein, Defendants, RUSSELL GRIFFIN and SAI R. WHITE, were employees of Defendant, AMTRAK, and were at all times material acting within the course and scope of such employment.

51. That Defendant, AMTRAK, is vicariously liable for the negligent acts of its employees, RUSSELL GRIFFIN and/or SAI R. WHITE, as herein described, pursuant to the doctrine of respondeat superior.

52. As a direct and proximate result of the negligence of RUSSELL GRIFFIN and/or SAI R. WHITE, the ESTATE OF MALIK KAHLIL PEARSON, has sustained the following damages:

i. Medical and funeral expenses due to the decedent's death which have become a charge against the Estate or that were paid on behalf of the Estate.

ii. Loss of earnings from date of injury to the date of death, less loss of support of survivors excluding contributions in kind with interest, loss of prospective net accumulations of the Estate, which might reasonably have been expected but for the wrongful death, reduced to present money value.

iii. All other damages recoverable under the laws of the State of Florida.

iv. The value of lost support and services from the date of the decedent's death, with interest and future loss of support and services from the date of death and reduced to present value.

v. Mental pain and suffering from the date of the decedent's death.

vi. Medical or funeral expenses due to the decedent's death.

vii. Lost companionship, protection, services.

WHEREFORE, the Plaintiff, CHESTER PEARSON, as Executor de son Tort of THE ESTATE OF MALIK KAHLIL PEARSON, demands judgment against Defendant, AMTRAK, for compensatory damages together with costs, interest and a trial by jury of all issues triable as a matter of right.

**COUNT IV – AMTRAK DANGEROUS INSTRUMENTALITY**

53. Plaintiff adopts and incorporates by reference paragraphs 1 through 48 above as if set forth fully herein.

54. At all times material herein, Defendant AMTRAK, was the owner of the train involved in the subject incident.

55. At all times material herein, the train constituted a dangerous instrumentality, the use of which results in imposition of strict liability against its owner, AMTRAK.

56. As a direct and proximate result of the negligence of RUSSELL GRIFFIN and/or SAI R. WHITE, the ESTATE OF MALIK KAHLIL PEARSON, has sustained the following damages:

i. Medical and funeral expenses due to the decedent's death which have become a charge against the Estate or that were paid on behalf of the Estate.

ii. Loss of earnings from date of injury to the date of death, less loss of support of survivors excluding contributions in kind with interest, loss of prospective net accumulations of the Estate, which might reasonably have been expected but for the wrongful death, reduced to present money value.

iii. All other damages recoverable under the laws of the State of Florida.

iv. The value of lost support and services from the date of the decedent's death, with interest and future loss of support and services from the date of death and reduced to present value.

v. Mental pain and suffering from the date of the decedent's death.

vi. Medical or funeral expenses due to the decedent's death.

vii. Lost companionship, protection, services.

WHEREFORE, the Plaintiff, CHESTER PEARSON, as Executor de son Tort of THE ESTATE OF MALIK KAHLIL PEARSON, demands judgment against Defendant, AMTRAK, for compensatory damages together with costs, interest and a trial by jury of all issues triable as a matter of right.

**COUNT V – NEGLIGENCE AS TO AMTRAK**

57. Plaintiff adopts and incorporates by reference paragraphs 1 through 48 above as if set forth fully herein.

58. That the operation of a high-speed railway system is an inherently dangerous activity which necessarily and correspondingly raises the duty of reasonable care imposed upon such operators.

59. At all times material herein, Defendant, AMTRAK, had the ability to map, plan, schedule, and coordinate its train schedules to operate at such times that their trains would not intersect with unmarked pedestrian crossings located at or near school zones during student-dismissal/admission periods.

60. At all times material herein, Defendant, AMTRAK, had the ability to map, plan, schedule and coordinate its train schedules to allow for a complete stop of the train, locomotives, and cars, at or immediately before the pedestrian sidewalk at West Peel Street, Highlands County, Florida.

61. At all time material herein, Defendant, AMTRAK, was unreasonable and breached its duty of reasonable care in the following particulars:

a. Failed to adequately research or review the existence or location of unmarked pedestrian/sidewalk crossings along its train routes;

b. Failed to adequately research or review whether the pedestrian/sidewalk crossings along its train routes were located within school zones or in close proximity thereto;

c. Failed to adequately research, review, plan, schedule, map, or coordinate a train schedule to avoid pedestrian/sidewalk crossings at or immediately after school dismissal/release;

d. Failed to implement policies, procedures, training, or schedules to allow for and promote the stopping of its trains, locomotives, and/or cars at pedestrian/sidewalk crossings at or during school dismissal/release periods;

e. Violating Florida Statutes § 351.03, § 335.141, and/or § 316.0745;

f. Other ways which may be learned through discovery.

62. As a direct and proximate result of the negligence of Defendant, AMTRAK, the ESTATE OF MALIK KAHLIL PEARSON, has sustained the following damages:

i. Medical and funeral expenses due to the decedent's death which have become a charge against the Estate or that were paid on behalf of the Estate.

ii. Loss of earnings from date of injury to the date of death, less loss of support of survivors excluding contributions in kind with interest, loss of prospective net accumulations of the Estate, which might reasonably have been expected but for the wrongful death, reduced to present money value.

iii. All other damages recoverable under the laws of the State of Florida.

iv. The value of lost support and services from the date of the decedent's death, with interest and future loss of support and services from the date of death and reduced to present value.

v. Mental pain and suffering from the date of the decedent's death.

vi. Medical or funeral expenses due to the decedent's death.

vii. Lost companionship, protection, services.

WHEREFORE, the Plaintiff, CHESTER PEARSON, as Executor de son Tort of THE ESTATE OF MALIK KAHLIL PEARSON, demands judgment against Defendant, AMTRAK, for compensatory damages together with costs, interest and a trial by jury of all issues triable as a matter of right.

**COUNT VI –NEGLIGENCE OF CSX TRANSPORTATION, INC.**

63. Plaintiff adopts and incorporates by reference paragraphs 1 through 34, above, as if set forth fully herein.

64. Upon information and belief, at all times material herein, Defendant, CSX TRANSPORTATION, INC., had a contract to provide for the regular service and maintenance of the railroad track where the above-alleged events occurred.

65. At all times material herein, Defendant, CSX TRANSPORTATION, INC., had a contractual and/or common law duty to use reasonable care in its service and maintenance of the subject railroad track, including a duty to provide appropriate warnings, lights, signage, sidewalk markings, and other notices to pedestrians and train operators alike.

66. That Defendant, CSX TRANSPORTATION, INC., was negligent in its service and maintenance of the subject train track in the following particulars:

a. Failed to post signage warning train operators of the upcoming pedestrian crossing and school dismissal/admission hours;

b. Failed to post signage, warnings, markers, barriers, lights, or other warnings at or near the pedestrian/sidewalk crossing at West Peel Street;

c. Violating Florida Statutes § 351.03, § 335.141, and/or § 316.0745;

d. Other ways which may be learned through discovery.

67. As a direct and proximate result of the negligence of Defendant, CSX TRANSPORTATION, INC., the ESTATE OF MALIK KAHLIL PEARSON, has sustained the following damages:

i. Medical and funeral expenses due to the decedent's death which have become a charge against the Estate or that were paid on behalf of the Estate.

ii. Loss of earnings from date of injury to the date of death, less loss of support of survivors excluding contributions in kind with interest, loss of prospective net accumulations of the Estate, which might reasonably have been expected but for the wrongful death, reduced to present money value.

iii. All other damages recoverable under the laws of the State of Florida.

iv. The value of lost support and services from the date of the decedent's death, with interest and future loss of support and services from the date of death and reduced to present value.

v. Mental pain and suffering from the date of the decedent's death.

vi. Medical or funeral expenses due to the decedent's death.

vii. Lost companionship, protection, services.

WHEREFORE, the Plaintiff, CHESTER PEARSON, as Executor de son Tort of THE ESTATE OF MALIK KAHLIL PEARSON, demands judgment against Defendant, CSX TRANSPORTATION, INC., for compensatory damages together with costs, interest and a trial by jury of all issues triable as a matter of right.

**COUNT VII – NEGLIGENCE OF CSX CORPORATION**

68. Plaintiff adopts and incorporates by reference paragraphs 1 through 34, above, as if set forth fully herein.

69. Upon information and belief, at all times material herein, Defendant, CSX CORPORATION, had a contract to provide for the regular service and maintenance of the railroad track where the above-alleged events occurred.

70. At all times material herein, Defendant, CSX CORPORATION, had a contractual and/or common law duty to use reasonable care in its service and maintenance of the subject railroad track, including a duty to provide appropriate warnings, lights, signage, sidewalk markings, and other notices to pedestrians and train operators alike.

71. That Defendant, CSX CORPORATION, was negligent in its service and maintenance of the subject train track in the following particulars:

a. Failed to post signage warning train operators of the upcoming pedestrian crossing and school dismissal/release hours;
b. Failed to post signage, warnings, markers, barriers, lights, or other warnings at or near the pedestrian/sidewalk crossing at West Peel Street;
c. Violating Florida Statutes § 351.03, § 335.141, and/or § 316.0745;
d. Other ways which may be learned through discovery.

72. As a direct and proximate result of the negligence of Defendant, CSX CORPORATION, the ESTATE OF MALIK KAHLIL PEARSON, has sustained the following damages:

i. Medical and funeral expenses due to the decedent's death which have become a charge against the Estate or that were paid on behalf of the Estate.

ii. Loss of earnings from date of injury to the date of death, less loss of support of survivors excluding contributions in kind with interest, loss of prospective net accumulations of the Estate, which might reasonably have been expected but for the wrongful death, reduced to present money value.

iii. All other damages recoverable under the laws of the State of Florida.

iv. The value of lost support and services from the date of the decedent's death, with interest and future loss of support and services from the date of death and reduced to present value.

v. Mental pain and suffering from the date of the decedent's death.

vi. Medical or funeral expenses due to the decedent's death.

vii. Lost companionship, protection, services.

WHEREFORE, the Plaintiff, CHESTER PEARSON, as Executor de son Tort of THE ESTATE OF MALIK KAHLIL PEARSON, demands judgment against Defendant, CSX CORPORATION, for compensatory damages together with costs, interest and a trial by jury of all issues triable as a matter of right

**COUNT VIII –NEGLIGENCE OF FDOT**

73. Plaintiff adopts and incorporates by reference paragraphs 1 through 34, above, as if set forth fully herein.

74. At all times material herein, Defendant, FDOT, had statutory and common law duties to develop and implement railway programs to ensure the proper maintenance and safety of the State railway systems, and to otherwise warn motorists and pedestrians of dangerous conditions about which it knew or reasonably should have known existed as a result of its own actions.

75. At all times material herein, Defendant, FDOT, provided permitting and licensing, and otherwise authorized the use of the AMTRAK train and railway system at its intersection with the sidewalk along West Peel Street.

76. At all times material herein, Defendant, FDOT, knew, or in the exercise of reasonable care should have known, that Co-Defendants, AMTRAK, CXS CORPORATION, and/or CSX TRANSPORTATION, INC., had planned and scheduled for the use of trains at or near a pedestrian crossing, at or within or near a school zone, at or near the school dismissal/release times.

77. At all times material herein, Defendant, FDOT, knew, or in the exercise of reasonable care should have known, that through its planning, permitting, authorizing, and other actions, it created a dangerous condition for students and pedestrians.

78. That at all times material herein, Defendant, FDOT, breached its common law duty to warn the public generally, and warn Plaintiff specifically, of the dangerous condition it had created, through placement of traffic control devices, signs, lights, warnings, or barricades.

79. As a direct and proximate result of the negligence of Defendant, FDOT, the ESTATE OF MALIK KAHLIL PEARSON, has sustained the following damages:

i. Medical and funeral expenses due to the decedent's death which have become a charge against the Estate or that were paid on behalf of the Estate.

ii. Loss of earnings from date of injury to the date of death, less loss of support of survivors excluding contributions in kind with interest, loss of prospective net accumulations of the Estate, which might reasonably have been expected but for the wrongful death, reduced to present money value.

iii. All other damages recoverable under the laws of the State of Florida.

iv. The value of lost support and services from the date of the decedent's death, with interest and future loss of support and services from the date of death and reduced to present value.

v. Mental pain and suffering from the date of the decedent's death.

vi. Medical or funeral expenses due to the decedent's death.

vii. Lost companionship, protection, services.

WHEREFORE, the Plaintiff, CHESTER PEARSON, as Executor de son Tort of THE ESTATE OF MALIK KAHLIL PEARSON, demands judgment against Defendant, FDOT, for compensatory damages together with costs, interest and a trial by jury of all issues triable as a matter of right.

**COUNT IX – NEGLIGENCE OF SBHC**

80. Plaintiff adopts and incorporates by reference paragraphs 1 through 34, above, as if set forth fully herein.

81. At all times material, Avon Park Middle School was operated, regulated, or otherwise controlled by Defendant, SBHC.

82. At all times material, SBHC knew, or in the exercise of reasonable care should have known, that several of its students walked home from school upon dismissal by way of the sidewalks adjacent to Gwenn Hill Street, West Peel Street, and West Bell Street in Highlands County, Florida.

83. At all times material, SBHC promoted and encouraged students and families to utilize the sidewalks adjacent to Gwenn Hill Street, West Peel Street, and West Bell Street in Highlands County, Florida to walk to and from Avon Park Middle School.

84. At all times material, Defendant, SBHC, had statutory and common law duties to exercise reasonable care in the supervision and safeguarding of its students, and to warn its students of dangerous conditions about which it knew or reasonably should have known existed as a result of its own actions.

85. At all times material herein, Defendant, SBHC, permitted and promoted its students' use of the sidewalks leading to and across the railroad crossing at West Peel Street during school dismissal/admission times.

86. At all times material herein, Defendant, SBHC, knew, or in the exercise of reasonable care should have known, that Co-Defendants, AMTRAK, CXS CORPORATION, and/or CSX TRANSPORTATION, INC., had planned and scheduled for the use of trains at or near the pedestrian sidewalk at West Peel Street, at or near the school dismissal/release times.

87. At all times material herein, Defendant, SBHC, knew, or in the exercise of reasonable care should have known, that through its promotion and encouragement of the use of the pedestrian sidewalk at West Peel Street, it created a foreseeable zone of risk it had a duty to correct or lessen.

88. That at all times material herein, Defendant, SBHC, breached its common law duty to warn the public generally, and warn Plaintiff specifically, of the dangerous condition it had created, through its promotion and encouragement of use of the pedestrian sidewalk at West Peel Street.

89. As a direct and proximate result of the negligence of Defendant, SBHC, the ESTATE OF MALIK KAHLIL PEARSON, has sustained the following damages:

i. Medical and funeral expenses due to the decedent's death which have become a charge against the Estate or that were paid on behalf of the Estate.

ii. Loss of earnings from date of injury to the date of death, less loss of support of survivors excluding contributions in kind with interest, loss of prospective net accumulations of the Estate, which might reasonably have been expected but for the wrongful death, reduced to present money value.

iii. All other damages recoverable under the laws of the State of Florida.

iv. The value of lost support and services from the date of the decedent's death, with interest and future loss of support and services from the date of death and reduced to present value.

v. Mental pain and suffering from the date of the decedent's death.

vi. Medical or funeral expenses due to the decedent's death.

vii. Lost companionship, protection, services.

WHEREFORE, the Plaintiff, CHESTER PEARSON, as Executor de son Tort of THE ESTATE OF MALIK KAHLIL PEARSON, demands judgment against Defendant, SBHC, for compensatory damages together with costs, interest and a trial by jury of all issues triable as a matter of right.

**COUNT X – NEGLIGENCE OF HC BOCC**

90. Plaintiff adopts and incorporates by reference paragraphs 1 through 34, above, as if set forth fully herein.

91. At all times material herein, Defendant, HC BOCC, had common law duties to maintain its pedestrian and student pathways and sidewalks in a reasonably safe condition, and to otherwise warn motorists and pedestrians of dangerous conditions about which it knew or reasonably should have known existed as a result of its own actions.

92. At all times material herein, Defendant, HC BOCC, owned the real property and sidewalk located at West Peel Street and the subject railroad crossing.

93. At all times material herein, Defendant, HC BOCC, allowed for the permitting, licensing, and use of the AMTRAK train and railway system at its intersection with the pedestrian sidewalk at West Peel Street.

94. At all times material herein, Defendant, FDOT, knew, or in the exercise of reasonable care should have known, that Co-Defendants, AMTRAK, CXS CORPORATION, and/or CSX TRANSPORTATION, INC., had planned and scheduled for the use of trains at or near the pedestrian crossing, at or within or near a school zone, at or near the school dismissal/admission times.

95. At all times material herein, Defendant, HC BOCC, knew, or in the exercise of reasonable care should have known, that through its planning, permitting, authorizing, and other actions, it had created dangerous conditions for students and pedestrians.

96. That at all times material herein, Defendant, HC BOCC, breached its common law duty to warn the public generally, and warn Plaintiff specifically, of the dangerous condition it had created, through placement of traffic control devices, signs, lights, warnings, or barricades.

97. As a direct and proximate result of the negligence of Defendant, HC BOCC, the ESTATE OF MALIK KAHLIL PEARSON, has sustained the following damages:

i. Medical and funeral expenses due to the decedent's death which have become a charge against the Estate or that were paid on behalf of the Estate.

ii. Loss of earnings from date of injury to the date of death, less loss of support of survivors excluding contributions in kind with interest, loss of prospective net

accumulations of the Estate, which might reasonably have been expected but for the wrongful death, reduced to present money value.

iii. All other damages recoverable under the laws of the State of Florida.

iv. The value of lost support and services from the date of the decedent's death, with interest and future loss of support and services from the date of death and reduced to present value.

v. Mental pain and suffering from the date of the decedent's death.

vi. Medical or funeral expenses due to the decedent's death.

vii. Lost companionship, protection, services.

WHEREFORE, the Plaintiff, CHESTER PEARSON, as Executor de son Tort of THE ESTATE OF MALIK KAHLIL PEARSON, demands judgment against Defendant, HC BOCC, for compensatory damages together with costs, interest and a trial by jury of all issues triable as a matter of right.

**COUNT XI – NEGLIGENCE OF CITY OF AVON PARK**

98. Plaintiff adopts and incorporates by reference paragraphs 1 through 34, above, as if set forth fully herein.

99. At all times material herein, Defendant, CITY OF AVON PARK, had common law duties to maintain its pedestrian and student pathways and sidewalks in a reasonably safe condition, and to otherwise warn motorists and pedestrians of dangerous conditions about which it knew or reasonably should have known existed as a result of its own actions.

100. At all times material herein, Defendant, CITY OF AVON PARK, owned the real property and sidewalk located at West Peel Street and the subject railroad crossing.

101. At all times material herein, Defendant, CITY OF AVON PARK, allowed for the permitting, licensing, and use of the AMTRAK train and railway system at its intersection with the pedestrian sidewalk at West Peel Street.

102. At all times material herein, Defendant, CITY OF AVON PARK, knew, or in the exercise of reasonable care should have known, that Co-Defendants, AMTRAK, CXS CORPORATION, and/or CSX TRANSPORTATION, INC., had planned and scheduled for the use of trains at or near the pedestrian crossing, at or within or near a school zone, at or near the school dismissal/release times.

103. At all times material herein, Defendant, CITY OF AVON PARK, knew, or in the exercise of reasonable care should have known, that through its planning, permitting, authorizing, and other actions, it had created a dangerous condition for students and pedestrians.

104. That at all times material herein, Defendant, CITY OF AVON PARK, breached its common law duty to warn the public generally, and warn Plaintiff specifically, of the dangerous condition it had created, through placement of traffic control devices, signs, lights, warnings, or barricades.

105. As a direct and proximate result of the negligence of Defendant, CITY OF AVON PARK, the ESTATE OF MALIK KAHLIL PEARSON, has sustained the following damages:

i. Medical and funeral expenses due to the decedent's death which have become a charge against the Estate or that were paid on behalf of the Estate.

ii. Loss of earnings from date of injury to the date of death, less loss of support of survivors excluding contributions in kind with interest, loss of prospective net accumulations of the Estate, which might reasonably have been expected but for the wrongful death, reduced to present money value.

iii. All other damages recoverable under the laws of the State of Florida.

iv. The value of lost support and services from the date of the decedent's death, with interest and future loss of support and services from the date of death and reduced to present value.

v. Mental pain and suffering from the date of the decedent's death.

vi. Medical or funeral expenses due to the decedent's death.

vii. Lost companionship, protection, services.

WHEREFORE, the Plaintiff, CHESTER PEARSON, as Executor de son Tort of THE ESTATE OF MALIK KAHLIL PEARSON, demands judgment against Defendant, CITY OF AVON PARK, for compensatory damages together with costs, interest and a trial by jury of all issues triable as a matter of right.

/s/ ***Dane Heptner***
**Dane C. Heptner, Esq.**
Florida Bar No: 112545
Salter, Healy, Rivera & Heptner
P. O. Box 10807
St. Petersburg, FL 33733-0807
Telephone: (727)323-5848
Service Emails: servicemail@salterhealy.com
dheptner@salterhealy.com
Attorney for Plaintiff